UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-256 (JMB/EMB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>AMIIR MAWLID ALI,<br><br>Defendant. | **GOVERNMENT'S SENTENCING POSITION** |

Defendant Amiir Mawlid Ali appears before this Court following his jury conviction for Possession of a Machinegun, the sole count in the Indictment. Evidence at trial established that Ali possessed the machinegun. The advisory Guideline range of 33-41 months imprisonment accurately reflects the seriousness of the unlawful possession, the need to afford adequate deterrence, and the danger posed by his conduct.

After careful review of the Presentence Investigation Report ("PSR"), the trial record, other relevant conduct, and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully submits that a sentence in the middle of the advisory Guideline range is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

## THE OFFENSE CONDUCT

Evidence at trial established that Ali possessed a machinegun on June 3, 2025. On June 3, 2025, Minneapolis Police Department (MPD) Officers Mohamud Jama and Matthew Olson executed a traffic stop on a silver sedan due to multiple traffic violations. PSR at ¶6. The car had three occupants, and the Defendant was in the front passenger seat. *Id.* at ¶ 7. When officers removed the Defendant from the vehicle to conduct a safety sweep, Ali attempted to flee. *Id.* at ¶ 8. Officers found a firearm equipped with a machinegun conversion device (MCD) under the Defendant's seat during the safety sweep. *Id.* Backseat squad car video shown at trial shows Ali instructing the other occupants to deny knowledge of the machinegun. *See* Exs.34-36. Officers learned the same day that the firearm had been reported stolen. *PSR* at ¶ 11.

Evidence presented at trial established that Ali's DNA was on the firearm and the MCD. PSR at ¶ 10. Evidence presented at trial also established that an expert at the Bureau of Alcohol, Tobacco, Firearms, and Explosives examined and test-fired the firearm with the MCD attached and found that it operated as machinegun—meaning, it allowed the firearm to fire multiple rounds of ammunition with a single pull of the trigger. *See* Exs. 31 & 33.

One of the officers recognized the Defendant as a member of the "Muddy" street gang which he had been investigating and was aware of his history of suspected involvement in weapons offenses related to gang activity. PSR at ¶ 7. The occupants indicated that they were late for graduation. *Id.* Four days earlier, there an individual suspected to be involved with the same gang fired a firearm equipped with an MCD at another high school graduation injuring two people. *Id.* at ¶ 8.

The Defendant was initially released following his arrest for this offense. *Id.* at ¶ 9. On June 5, 2025, the United States filed a complaint alleging possession of a machinegun in violation of 18 U.S.C. 922(o) and this Court issued a warrant for the Defendant's arrest. The Defendant was arrested on the federal warrant three days later on the scene of a suspected gang-related shooting at Burnsville High School graduation. *Id.* Officers heard the Defendant scream "you missed" to an individual believed to be involved in the incident. *Id.* at ¶ 32.

In June, while the Defendant was in jail, he made two calls relevant to the issues at trial. On the first call, from the Hennepin County Jail, he informed the others on the call that he needed a lawyer for a "button case" and in the second call, from the Dakota County Jail, he informed the other person that he was in jail for a "switch". *Id.* at ¶ 12. The words "switch" and "button" are common terms for an MCD.

## PRESENTENCE REPORT

The Court must begin the sentencing analysis by correctly calculating the advisory Sentencing Guideline range. *Gall v. United States*, 552 U.S. 38, 49 (2007). The PSR correctly calculates a total offense level of 20 and a Criminal History Category of I, resulting in an advisory Guideline range of 33 to 41 months imprisonment. The total offense level includes an enhancement pursuant to § 2K2.1(b)(4)(A) for the firearm being stolen because it was indeed reported to law enforcement as being stolen. Per comment 8(B) to § 2K2.1, the Defendant need not know or have reason to believe the firearm was stolen for this enhancement to apply.

## The Appropriate Sentence

In following the sentencing methodology laid out by the Supreme Court, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50. Section 3553(a) requires the Court to consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence,"

"the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a). A district court is not required to provide a mechanical recitation of the Section 3553(a) factors and "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. San-Miguel*, 634 F.3d 471, 475-76 (8th Cir. 2011).

For the following reasons, an advisory Guidelines sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, afford deterrence, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

**1. Nature and Circumstances of the Offense**

The Defendant was found guilty of possessing a machinegun capable of emptying an extended magazine of 15 bullets in a matter of seconds with the single pull of the trigger. It is a weapon capable of extreme damage and is a grave threat to human life and public safety. The firearm was stolen and modified to affix an MCD to make it function as a machinegun which demonstrates additional criminality and disregard for the law.

**2. History and Characteristics of the Defendant**

Though the Defendant's personal history includes childhood instability and exposure to trauma that the government does not minimize, it does not erase the serious risk that his crime posed to public safety. The Defendant is a

member of a criminal gang and law enforcement has suspected his involvement in multiple firearms incidents in the local area. His jail calls in which he used the terms "switch" and "button" to describe the machinegun he possessed demonstrate his familiarity with illegal machinegun conversion devices. The fact that he brought such a powerful weapon with him on the way to a high school graduation combined with his violations for fighting while incarcerated pending trial, PSR at ¶ 33, is evidence of his disregard for public safety.

**3. Seriousness of the Offense, Deterrence, and Protection of the Public**

As previously stated, the Defendant was convicted of a very serious offense which, for not the traffic stop, could have posed a serious threat to human life given the Defendant possessed the firearm on the way to a high school graduation. Similar crimes are not uncommon and can lead to devastating results. For example, four days earlier, another suspected member of the same gang fired a machinegun at a graduation injuring two people. In fact, the Defendant was arrested on the scene of another graduation shooting taunting an apparent suspect. These multiple instances combined with the Defendant's suspected involvement in a criminal gang and suspected involvement in firearm offenses demonstrate a serious need to not only protect the public from the further crimes of the Defendant, but also to afford adequate deterrence to similar criminal conduct. Accordingly, imposing a sentence in

the middle of the advisory Guidelines range is appropriate.

## **CONCLUSION**

For the foregoing reasons, the government respectfully submits that a sentence in the middle of the advisory Guidelines range is sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing under 18 U.S.C. § 3553(a).

Dated: September 9, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

/s/ *Albania Concepcion*
BY: ALBANIA CONCEPCION
Attorney ID: 0401536
Assistant United States Attorney
United States Attorneys' Office
District of Minnesota